# EXHIBIT A

tls

IN THE COURT OF COMMON PLEAS

ROSS COUNTY, OHIO

2018 AUG 22 AM 11: 04

RCSS COUNTY COMMON PLEAS
CLERK OF COURTS
TY D. HINTON

STATE OF OHIO, EX REL.
MIKE DEWINE, OHIO ATTORNEY GENERAL,

      PLAINTIFF,                      CASE NO. 17 CI 261

      VS                                    DECISION AND ENTRY

PURDUE PHARMA L.P., ET AL,

      DEFENDANT.

\*     \*     \*     \*     \*     \*

This action came on for hearing on the Defendants' various motions to dismiss, Defendant Endo's motion to strike, certain defendants' motion for judicial notice, Defendants' motion to stay, Plaintiff's responses, and the Defendants' replies thereto. All parties were represented and heard through counsel.

The Plaintiff's Complaint alleges that Defendants misrepresented to the general public, physicians, and the State of Ohio the effectiveness of opioids for the treatment of chronic pain and the dangers of opioid addiction. Plaintiff alleges that these misrepresentations were directly and indirectly communicated by the Defendants, their representatives, and various third parties. The Complaint alleges the following claims:

    1. Public nuisance under the Ohio Product Liability Act, 2307.71 ORC.

    2. Public nuisance – common law.

    3. Ohio Consumer Sales Practices Act, 1345.02 ORC et seq.

    4. Medicaid Fraud, 2913.40/2307.60 ORC.

    5. Common Law Fraud.

  6. Ohio Corrupt Practices Act, 2923.31 ORC et seq.

Plaintiff seeks declaratory judgment, injunctive relief, compensatory damages, punitive damages, civil penalties, pre and post-judgment interest, and attorney fees.

Defendants argue that all of Plaintiff's claims fail for a multitude of reasons and that the Complaint should be dismissed.

STANDARD

A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint. A trial court reviews only the complaint and accepts all factual allegations as true. Every reasonable inference is made in favor of the non-moving party. This Court must assume the Plaintiff's allegations are true. However, the unsupported conclusions of the Complaint are not sufficient to withstand a motion to dismiss the complaint. The Complaint must be construed as a whole within the four corners of the Complaint. A trial court may not dismiss a complaint "unless it appears **beyond doubt** that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Emphasis added) O'Brien v Univ. Community Tenants Union, Inc., 42 Ohio State 2d, 242 (1975). (Emphasis added). Gannett GP Media, Inc. v Chillicothe, Ohio Police Department, 2018 Ohio 1552; State, ex rel. Hanson v Guernsey Cty. Bd. of Commrs., 65 Ohio State 3d 545 (1992); Struckman v Bd. of Edn. of Teays Valley Local Sch. Dist., 2017 Ohio 1177; Martin v. Lamrite W., Inc., 2015 Ohio 3585.

Ohio remains a notice pleading state. Civil Rule 8(A) requires only the following:

> "(1) A short and plain statement of the claim showing that the pleader is entitled to relief, and

2

(2) A demand for judgment for the relief to which he deems himself entitled."

Ohio courts have rejected the heightened federal pleading standard set forth in Bell Atlantic Corp. v Twombly, 550 U.S. 544, and have acknowledged that Ohio remains a notice pleading state. Smiley v City of Cleveland, 2016-Ohio 7711; Mangelluuzzi v Morley, 2015 Ohio 3143. This Court notes the language of the Eighth District Court of Appeals in Smiley, supra wherein the court stated that "(the) motion to dismiss is viewed with disfavor and should rarely be granted" and that "few complaints fail to meet the liberal (pleading) standards of Rule 8 and become subject to dismissal,".

Civil Rule 9(B) does impose upon a plaintiff a heightened standard of pleading in cases of fraud.

"(B) **Fraud, mistake, condition of mind.** In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity..."

In Ohio, a complaint alleging fraud must allege with particularity the "circumstances constituting fraud." The complaint must assert "the time, place, and content of the false representation; the fact misrepresented; the identification of the individual giving the false representation; and the nature of what was obtained or given as a consequence of a fraud." Aluminum Line Prods. Co. v Brad Smith Roofing Co., 109 Ohio App. 3d 246 (1996); Dottore v Vorys, Sater, Seymour & Pease, LLP. 2014 Ohio 25; First-Knox Nat'l Bank v MSD Props., Ltd., 2015 Ohio 4574.

Civil Rule 9(B) should be read in conjunction with the general directive of Civil Rule 8, that pleadings should be "simple, concise, and direct." Even if the pleadings are vague, so long as defendants have been placed on notice of the claims, a strict application is not necessary. Aluminum Line Prods. Co., supra; F&J Roofing Co. v

3

McGinley & Sons, Inc., 35 Ohio App. 3d 16 (1987). This Court notes that the Complaint in Aluminum Line Prods. Co., supra, asserted that the fraud occurred over the course of several years. There was no specific assertion of the date of the fraud. Similarly, the Ninth District Court of Appeals found that a complaint alleging fraud within a six year period did not violate the requirements of Civil Rule 9(B). Bear v Bear, 2014 Ohio 2919. See also Pierce v Apple Valley, Inc., 597 F. Supp. 1480.

A determination whether a complaint satisfies the heightened pleading standards of Civil Rule 9(B) should be made on a case by case basis depending upon the facts of each case. City of Chicago v Purdue Pharma L.P., et al, 14C4361211 F. Supp. 3d. 1058 (N.D. Ill. 2016).

The heightened pleading standards of Civil Rule 9(B) may also be relaxed in circumstances where relevant facts lie exclusively within the control of the opposing party. Wilkins, ex rel. U.S. v State of Ohio, 885 F. Supp. 1055; Craighead v E.F. Hutton and Co., 899 F. 2d. 485.

## GROUP PLEADING

In State of Missouri, ex rel. Joshua D. Hawley v Purdue Pharma, LP, Case No. 1722-CC10626, the 22nd Circuit Court of the State of Missouri found that there was no rule against "group pleading" in Missouri. Similarly, this Court finds that there is no specific rule against "group pleading" in the state of Ohio. The Dottore case cited by the Defendants, does not mention "group pleading" and more specifically addresses the heightened pleading requirements of Civil Rule 9(B) in mail fraud cases. The Plaintiff's 101 page Complaint sufficiently asserts that all defendants engaged in conduct which would constitute a claim under the pleading rules in the State of Ohio.

## CIVIL RULE 9(B)

4

In the case at bar, the prima facia case for fraud is:

(1) A representation or concealment of a fact;

(2) Material to the transaction at hand;

(3) Made falsely with knowledge of its falsity;

(4) Intent to mislead another into relying upon it;

(5) Justifiable reliance;

(6) Injury proximately caused by the reliance.
Marjul, LLC v. Hurst, 2013 Ohio 479.

As previously stated, this Court will examine the Plaintiff's compliance with Civil Rule 9(B) under the Ohio pleading standards. The Plaintiff's complaint must assert the time, place, and content of the false representation; the fact misrepresented; the identification of the individual giving the false representation; and the nature of what was obtained or given as a consequence of a fraud. Aluminum Line Prods. Co., supra.

The Plaintiff's complaint adequately identifies the Defendants and their actions and representations. The complaint sufficiently asserts the time frame which in the representations were made and that they were made in the state of Ohio. The complaint sufficiently identifies that the representations were made by representatives of the Defendants and various groups and third parties sponsored by the Defendants.

The complaint contains over 40 pages which explain in detail the marketing tactics utilized by Defendants, their representatives, and various groups connected to Defendants. Similarly, the complaint adequately sets forth the representations made, how these representations were distributed to physicians and citizens of Ohio, that the representations were false and that the Defendants knew the falsity of the representations.

5

Under Ohio pleading standards, it is not necessary for the complaint to identify physicians who relied upon the misrepresentations of the Defendants. Even so, as argued by Plaintiff, the identification of prescribing physicians is solely within the knowledge of Defendants and can be obtained through discovery. Further, the complaint adequately states that the Plaintiff specifically relied upon the misrepresentations in issuing reimbursement payments under the Medicaid program. Further, reliance is a question of fact or appropriately addressed in a motion for summary judgment. Kelly v. Georgia-Pac. Corp., 46 Ohio St. 3d 134. Lastly, the Plaintiff has sufficiently pled causation in compliance with City of Cincinnati v. Beretta USA Corp., 95 Ohio St. 3d 416 and the damages suffered by the state of Ohio. In summary, this Court finds that Plaintiff has sufficiently pled the fraud related claims under Civil Rule 9(B).

## PREEMPTION/FDA APPROVAL

The parties agree that the FDA approved the labeling for opioids for long-term treatment. However, it is evident in the Plaintiff's complaint that its claims are based upon misrepresentations made by the Defendants concerning the use and safety of opioids which go far beyond the labeling. As noted by the court in City of Chicago v. Purdue Pharma LP, supra, the allegations of the Plaintiff's complaint primarily sound in fraud and not the propriety of the labeling of opioids. The Chicago court also concluded that drug labeling does not preclude fraud claims. See also Wyeth v. Levine, 555 U.S. (2009).

The claims set forth in Plaintiff's complaint are not barred by the FDA's approval of labeling or the doctrine of preemption as to Defendants' branded or unbranded labeling.

6

## PUBLIC NUISANCE

This Court finds that <u>Cincinnati vs Beretta</u>, 95 Ohio St. 3d 416, is not substantially distinguishable and applies to the case at bar. In <u>Beretta</u>, supra, the Ohio Supreme Court adopted a broader definition of public nuisance. The court determined that the restatement of the law of torts (2nd) sets forth a broad definition of public nuisance allowing an action to be maintained "for injuries caused by a product if the facts establish that the design, manufacturing, marketing, or sale of the product unnecessarily interferes with a right common to the general public." Under the broad definition of public nuisance and the liberal pleading rules of the state of Ohio, this Court finds that the Plaintiff has adequately pled public nuisance under Ohio common law and the Ohio Product Liability Act.

## OHIO CONSUMER SALES PRACTICES ACT

Section 1345.07 ORC specifically authorizes the Ohio Attorney General to initiate an action under the OSCPA. The statute also sets forth the remedies which the Attorney General can seek: declaratory judgment; injunction; and civil penalties. The provisions of the OSCPA must be liberally construed. <u>State, ex rel Celebreeze v. Hughes</u>, 58 Ohio St. 3rd 273. The complaint sets forth a "consumer transaction" as defined by the statute. The complaint need not, at this stage, identify an Ohio citizen as a consumer. A consumer action is alleged by the complaint regardless of whether the plaintiff is an actual consumer. The complaint, as previously stated, sets forth in detail over 40 pages of allegations which are prohibited by Sections 1345.02 and 1345.03 and the administrative regulations promulgated thereunder. Plaintiff's prayer for civil penalties should not be stricken, at this stage, because they are statutorily authorized.

7

It is premature at this time to determine whether the plaintiff's OSCPA claim is time barred. <u>Savoi v. Univ. of Akron</u>, 2012 Ohio 1962; The complaint alleges a continuing course of conduct by the defendants. Where a plaintiff alleges a continuing violation of the OSCPA, the statute of limitations does not begin to run until the date when the violation ceases. <u>Roelle v. Orkan Exterminating Co.</u>, 2000 WL 1664865; <u>Martin v. Servs. Corp. Int'l</u>, 2001 WL 68896.

## ABROGATION

Section 2307.72(C) ORC specifically exempts claims for economic loss from abrogation under the Ohio Products Liability Act. Further, "product liability claim" is statutorily defined as a claim seeking "compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress or physical damage to property." Reviewing the four corners of the complaint, it does not appear that the plaintiff is seeking these types of damages. The plaintiff's common law nuisance claim, OSCPA claim, and fraud claims are not abrogated under the OPLA. See <u>Catepillar Fin. Servs. Corp. v. Harold Tatman and Sons Ents., Inc.</u>, 2015 Ohio 4884.

## MEDICAID FRAUD

Section 2901.23 ORC provides that a corporation may be criminally liable if it meets one of the criteria set forth in subsection (A)(1)-(4). Section 2913.40(B) provides:

> "No person shall knowingly make or cause to be made a false or misleading statement or representation for use in obtaining reimbursement from the Medicaid program."

This language clearly includes persons who cause false or misleading statements or representations to be made for the purpose of reimbursement for the Medicaid program. The complaint adequately sets forth that defendants, their employees or agents and third parties under defendant's control knowingly made or caused to be

8

made false or misleading statements for the purpose of obtaining for defendants reimbursement under the Medicaid program. These allegations meet the requirements of the liberal pleading rules in the state of Ohio.

Section 2307.60(A)(1) ORC provides:

"Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law,..."

This Court construes this section liberally to include the state of Ohio. To construe this section to exclude a state from seeking damages from criminal actions would prohibit the state from initiating litigation to collect damages from persons who have been convicted of causing damage to public property. This Court finds that at this juncture, the plaintiff is not barred by this section from pursuing an action for damages caused as the result of the commission of Medicaid fraud. See <u>Jacobson v. Kaforey</u>, 149 Ohio St. 3rd 398.

The plaintiff's Medicaid fraud claim is not time barred. There is no specific statutory provision which imposes a time bar against the state in this case. The only time bar is set forth in a generally worded statute, 2305.11(A) ORC. As stated in <u>State, Dep't. of Transp. v. Sullivan</u>, 38 Ohio St. 3d (1988), the Ohio Supreme Court approved the continued exception of the state from generally worded statutes of limitation.

OHIO CORRUPT PRACTICES ACT

Section 2929.32(A)(1) ORC states:

"No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity..."

Section 2923.31(C) defines "Enterprise" as follows:

"Any individual, sole proprietorship, partnership, limited partnership, corporation..."

9

"Enterprise" includes an illicit or licit enterprises. "Person" includes a corporation.

Section 2923.31(E) ORC defines "Pattern of corrupt activity" as:

"Two or more incidents of corrupt activity whether or not there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event."

A prima facia case for a civil claim under the OCPA requires:

(1)"(v)" Conduct of the defendant involves the commission of two or more specifically prohibited state or federal offenses;

(2) The prohibited criminal conduct of the defendant constitutes a pattern;

(3) The defendant has participated in the affairs of an enterprise or has acquired and maintained an interest in or control of an enterprise." Morrow v. Reminger & Reminger Co. L.P.A., 2009 Ohio 2665.

The plaintiff's complaint sets forth in detail the conduct of the defendants in violating federal mail fraud provisions (18 U.S.C. 1341), federal wire fraud (18 U.S.C. 1343), and telecommunications fraud in violation of Section 2913.05 ORC. This Court has previously determined that the plaintiff has met the particularity requirements of Civil Rule 9(B) in pleading fraud and similarly finds that the plaintiff has met these particularity requirements in pleading the predicate acts of federal mail fraud and wire fraud and telecommunications fraud under the Ohio Revised Code. This Court finds that the liberal pleading rules in Ohio do not require the plaintiff to set forth specific communications and identify senders and recipients and their locations. Further, this specific information would be within the defendants' knowledge and not available to plaintiff. Further, the plaintiff's complaint sets forth the defendants' intent in committing various criminal acts. Wilkins, supra; Swanson v. McKenzie (4th District Scioto County) 1988 WL 50478.

Section 2923.31 defines "Enterprise" as **any** corporation which may engage in illicit or licit conduct. As stated by plaintiff, the definition of an enterprise is "open-ended" and "should be interpreted broadly." State vs Beverly, 143 Ohio St. 3d, 2015 Ohio 219; CSAHA/UHHS-Canton, Inc. v Aultman Health Found., 2012-Ohio-897. At the pleading stage, the complaint adequately sets forth the purpose of defendants in engaging in a loosely structured hierarchy to achieve a stated purpose. Further, the complaint sets forth in detail the pattern of criminal conduct in violating federal and state laws. The plaintiff's complaint adequately pleads a violation of Ohio's Corrupt Practices Act.

## ENDO'S MOTION TO STRIKE

Civil Rule 12(F) allows a party to move for an order striking language from a pleading that is redundant, immaterial, impertinent, or scandalous. Although this Court questions the inclusion of the New York settlement in the complaint, this Court cannot find that it is immaterial, impertinent, or scandalous. Endo's Motion to Strike is overruled.

## JANSSEN PHARMACEUTICALS, INC. AND JOHNSON & JOHNSON

The allegations in plaintiff's complaint are very similar to the allegations contained in the complaint considered by the United States District Court, Northern Division, Illinois, Eastern Division. City of Chicago v Purdue Pharma LLP, 211 F. Supp. 3d. Plaintiff's complaint does not seek to pierce the corporate veil of Janssen but rather to hold Johnson & Johnson liable under agency doctrines. The court, in City of Chicago, found that for the purposes of a motion to dismiss, the plaintiff's complaint had sufficient allegations to infer an agency relationship between Johnson & Johnson and Janssen and to assert vicarious liability for Janssen's conduct. This

11

Court adopts that reasoning and the Motion of Janssen and Johnson & Johnson is overruled.

JURISDICTION ALLERGAN PLC

The parties agree upon the law which this Court must employ in determining jurisdiction over Allergan PLC. The Plaintiff must show that the exercise of jurisdiction complies with Ohio's long-arm statute, Section 2307.382, and the related Civil Rule 4.3(A). U.S. Sprint Commc,n Co. Ltd. P'ship v. Mr. K's Foods, Inc., 3d 181, 1994 Ohio 504. This Court must go further and determine whether the grant of jurisdiction under the long-arm statute and civil rule comports with due process under the 14th Amendment to the United States Constitution. Goldstein v. Christiansen, 70 Ohio St. 3d 232, 1994 Ohio 229; Joffe v. Cable Tech., Inc., 163 Ohio App. 3d 479, 2005 Ohio 4930.

Section 2307.382(A) provides in pertinent part:

"(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's:

(1) Transacting any business in this state
(2) Contracting to supply services or goods in this state
(3) Causing tortious injury by an act or omission in this state
(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business or engages in any persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;"

In the case at bar, the Plaintiff must establish a prima facia showing that jurisdiction exists over Allergan PLC. The Court must consider the "allegations in the pleadings and documentary evidence in a light most favorable to the Plaintiff and resolving all reasonable competing inferences in favor of the Plaintiff." Kauffman Racing Equip., L.L.C. v. Roberts, 126 Ohio St. 3d 81, 210 Ohio 2551; Fallang v. Hickey, 40 Ohio St. 3d 106.

In determining whether this Court has jurisdiction over Allergan PLC, this Court must consider whether there are minimum contacts with the state of Ohio so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice under <u>Goldstein v. Christiansen</u> supra. The Court must employ a tri-partite test to establish minimum contacts.

"1. The defendant must purposefully avail himself of the privilege of acting in the foreign state or causing a consequence in the foreign state.

2. The cause of action must arise from the defendant's activities there.

3. The acts of the defendant or consequences caused by the defendant must have a substantial connection with the foreign state to make the exercise of jurisdiction over the defendant reasonable." <u>Kauffman</u>, supra.

This Court has considered the affidavits submitted by the parties on this issue and the request by Plaintiff for this Court to take judicial notice of the Plaintiff's exhibits 40-49 attached to the Troutman affidavit. The Court takes judicial notice of these filings.

These filings establish, by the requisite degree of proof necessary on a motion to dismiss for lack of jurisdiction, the following: Actavis, Inc. and Actavis PLC are predecessors to Allergan PLC. Both entities referenced the United States as it's "largest commercial market." Allergan PLC maintains a "major manufacturing" site in Cincinnati, Ohio. All three entities maintain that they are engaged in the "global market." This Court also adopts the reasoning of the court in <u>City of Chicago v. Purdue Pharma L.P.N.D. Ill. No. 14C4361</u>, 215 WL 2208423, finding the evidence sufficient at the stage of a motion to dismiss that Actavis PLC is the successor to Actavis, Inc. The same reasoning applies that Allergan PLC is the successor to Actavis PLC and Actavis, Inc.

13

This Court finds that the Plaintiff has established a prima facia case for jurisdiction over Allergan PLC under the long-arm statute, Section 2307.382(A) ORC. Further, this Court finds that the Plaintiff has established by the requisite degree of proof that the defendant, Allergan PLC, acted and caused consequences in the state of Ohio. This Defendant's actions and the consequences therefrom alleged by the Plaintiff create a sufficient substantial connection with Ohio and allow the assertion of personal jurisdiction over this Defendant to be reasonable.

## ACQUIRED ACTAVIS ENTITIES

As already set forth in this opinion, this Court finds that the Complaint meets the relaxed pleading requirements of Ohio set forth in Civil Rules 8 and 9. This applies also to the "Acquired Actavis Entities." The Complaint in Section III(B) sufficiently identifies the entities and sets forth allegations concerning the individual entities and their representation/misrepresentations and actions concerning opioid uses and dangers. These entities are placed on notice, like all of the other defendants, of the claims against them. This is sufficient to overcome the challenges at the pleading stage. However, it might be a different story under different standards in dispositive motion practice.

## JURISDICTION-TEVA PHARMACEUTICAL INDUSTRIES LTD.

This Court has in the previous section has set forth the law which governs the analysis concerning jurisdiction under Ohio's Long-arm Statute, the Ohio Civil Rules, and due process under the 14th Amendment to the United States Constitution. This Court takes judicial notice of exhibits 50-59 attached to the Troutman affidavit as requested by the Plaintiff under Evidence Rule 201(B). This Court notes that Teva Ltd. published its "2016 Social Impact Report" stating that the company had 10,855 employees employed in the United States and Canada. Exhibit #50 at #12, Exhibit

14

#51 to the Troutman affidavit is Teva Limited's filing with the United States Securities and Exchange Commission. This filing states:

> "The specialty business may continue to be affected by price reforms and changes in the political landscape, following recent public debate in the U.S. We believe that our primary competitive advantages include our commercial marketing teams,..."

This filing further states:

> "Our U.S. specialty medicines revenues were 6.7 billion in 2016, comprising the most significant part of our specialty business."

The Court notes that Teva's specialty medicines revenues in the U.S. were almost six times that of its revenue in the European market. Page 46 of Exhibit #51 states that Teva Limited's "worldwide operations are conducted through a network of global subsidiaries." Teva Pharmaceuticals USA, Inc. is listed as a subsidiary in the United States which is owned by Teva Limited. Exhibit #54 to the Troutman affidavit lists Teva USA as the North American headquarters of Teva Limited.

As stated in the previous section, the Plaintiff is required only to make a prima facia showing of jurisdiction. This Court must view the pleadings and documentary evidence in a light most favorable to Plaintiff. At this point in the litigation, the evidentiary materials support the Plaintiff's prima facia showing of personal jurisdiction under 2307.382 ORC, Civil Rule 4.3(a) and the due process clause of the 14th Amendment to the United States Constitution.

All Defendants' Motions to Dismiss are overruled.

## JUDICIAL NOTICE

Pursuant to Ohio Evidence Rule 201, the Motions of all parties for judicial notice are granted. The Court takes judicial notice of all materials filed by the moving parties with their Motions.

## MOTION TO STAY

The Defendants have filed a joint Motion to Stay this litigation pursuant to the doctrine of primary jurisdiction and this Court's inherent power to control litigation pending in its court. State, ex rel Banc One Corp. v. Rocker, 86 Ohio St. 3d 169 (1999); United States v. W. Pacific R.R. Co., 352 U.S. 59 (1956); Lazarus v. Ohio Cas. Group, 144 Ohio App. 3d 716 (2001); Pacific Chem. Prods. Co. v. Teletronics Servs., Inc., 29 Ohio App. 3 45 (1985). Defendants claim that a stay of litigation should be enacted when claims are pending in a court and the resolution of issues pertaining to the claims are also before the special expertise of an administrative body. A trial court should defer action on an issue when there are administrative proceedings pending before a government regulatory agency which can resolve the lawsuit. The claims pending in the court must require a body of experts capable of handling the complex facts of the case before the court. The stay of litigation under the primary jurisdiction doctrine or the inherent authority of the court rests with the sound discretion of the trial court.

Article VII of the Ohio Rules of Evidence provides for and governs the presentation of evidence by expert witnesses in litigation. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, establishes that the trial court is the gatekeeper in determining what expert testimony from witnesses is admissible at trial. The Daubert Court sets forth numerous factors to consider in evaluating the reliability of scientific evidence. The Supreme Court expressed confidence in the ability of trial courts to evaluate complicated scientific evidence.

Defendants are correct that the FDA currently has pending before it numerous complex issues concerning the application of opioids and the addictive nature of

16

opioids. There is no guarantee when the FDA will complete its review of the numerous complex issues before it.

This Court agrees with the United States District Court in <u>City of Chicago v. Purdue Pharma LP</u>, supra, that the issue before this Court is whether opioids were marketed truthfully in the state of Ohio and whether Defendants misrepresented the risks, benefits, and superiority of opioids to treat long-term chronic pain. This Court agrees with the district court that federal and state courts are equipped to adjudicate these types of claims. See also <u>State of Missouri v. Purdue Pharma, LP</u>, Missouri Circuit Court, 22nd Judicial Circuit, Case No. 1722-CC10626. This Court is not aware of any pending stay order in any state or federal court concerning these issues. The Court further finds that the Plaintiff would be unduly prejudiced by an open-ended court order which stays these proceedings pending the determination of the FDA. This Court is equipped to handle the issues raised in this litigation. A stay order would unduly prejudice the Plaintiff. The Motion to Stay is overruled. The stay on discovery is vacated. Discovery in this action may commence forthwith.

DATE: 8/24/18

_____
SCOTT W. NUSBAUM, JUDGE
COMMON PLEAS COURT #2
ROSS COUNTY, OHIO
SITTING BY ASSIGNMENT

<u>Recipients of Decision and Entry</u>:

Mark H. Troutman
Attorney at Law
Two Miranova Place, Suite 700
Columbus, OH 43215-5098

Albert J. Lucas
Attorney at Law
1200 Huntington Center
41 South High Street
Columbus, OH 43215

John R. Mitchell
Attorney at Law
3900 Key Center
127 Public Square

John Q. Lewis
Attorney at Law
950 Main Avenue
Suite 1100

17

Cleveland, OH 44114-1291

Carole S. Rendon
Attorney at Law
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214

Cleveland, OH 44113-7213

Daniel J. Buckley
Attorney at Law
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, OH 45202