# EXHIBIT A

Case: 1:18-op-45530-DAP Doc #: 65-1 Filed: 02/19/20 2 of 4. PageID #: 1359

EFILED Feb 19 2020 09:31AM EST
Transaction ID 64738952



# IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

IN RE: OPIOID LITIGATION             CIVIL ACTION NO. 19-C-9000

**THIS DOCUMENT APPLIES TO:**

**West Virginia University Hospitals, Inc., et al.**

v.           Civil Action Nos. 19-C-69 MSH to 19-C-88 MSH and 19-C-134 MSH

**Purdue Pharma L.P., et al.**    to 19-C-139 MSH

## ORDER

Pending before the Court are numerous motions to dismiss Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure:[1]

1. *Defendants Rite Aid of Maryland, Inc., CVS Health Corporation, CVS Pharmacy, Inc., CVS Indiana, LLC, The Kroger Co., Kroger Limited Partnership, II, Walgreen Co., Walmart, Inc., and Wal-Mart Stores East, LP's Motion to Dismiss Plaintiffs' Amended Complaint* (Transaction ID 64447991);

2. *Defendants Watson Laboratories, Inc., Actavis Pharma, Inc. F/K/A Watson Pharma, Inc., and Actavis LLC's Motion to Dismiss Plaintiffs' First Amended Complaint* (Transaction ID 64448957);

3. *Amneal Pharmaceuticals LLC's Supplemental Motion to Dismiss Plaintiffs' First Amended Complaint* (Transaction ID 64450443);

4. *Defendants Amerisourcebergen Drug Corporation and Cardinal Health, Inc.'s Motion to Dismiss Complaint* (Transaction ID 64450128);

5. *Manufacturer Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint* (Transaction ID 64449553);[2]

6. *Defendant, Anda, Inc.'s Motion to Dismiss* (Transaction ID 64450613);

---

[1] Plaintiff, Appalachian Regional Healthcare, Inc., has voluntarily dismissed without prejudice, its claims against Defendants for violation of Kentucky's Consumer Protection Act, K.R.S. 367.110, *et seq. Notice of Partial Voluntary Dismissal* (Transaction ID 64667947).

[2] This motion is brought by the following Defendants (collectively, the "Manufacturer Defendants"): Amneal Pharmaceuticals, LLC; Amneal Pharmaceuticals, Inc.; Teva Pharmaceuticals Industries, Ltd.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Assertio Therapeutics, Inc.; Endo Health Solutions Inc.; Endo Pharmaceuticals Inc.; Mallinckrodt, LLC; Mallinckrodt PLC; SpecGX, LLC; Allergan PLC; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc; and Noramco, Inc.

1

7. *Defendant, Henry Schein, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint* (Transaction ID 64450801);

8. *Defendants Teva Pharmaceuticals USA, Inc. and Cephalon, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint* (Transaction ID 64450805);

9. *Mallinckrodt LLC and Specgx LLC's Supplemental Motion to Dismiss Plaintiffs' First Amended Complaint* (Transaction ID 64450907); and

10. *Abbott Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint* (Transaction ID 64450925).

All of these motions have been fully briefed by the parties.[3]

As explained by the Court in *John W. Lodge Distributing Co., Inc. v. Texaco, Inc.,* 161 W. Va. 603, 604-606, 245 S.E.2d 157, 158-159 (1978):

> The purpose of a motion under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure is to test the formal sufficiency of the complaint. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff, and its allegations are to be taken as true. Since common law demurrers have been abolished, pleadings are now liberally construed so as to do substantial justice. W.Va. R.C.P. 8(f). The policy of the rule is thus to decide cases upon their merits, and if the complaint states a claim upon which relief can be granted under any legal theory, a motion under Rule 12(b)(6) must be denied.
>
> * * *
>
> In view of the liberal policy of the rules of pleading with regard to the construction of plaintiff's complaint, and in view of the policy of the rules favoring the determination of actions on the merits, the motion to dismiss for failure to state a claim should be viewed with disfavor and rarely granted. The standard which plaintiff must meet to overcome a Rule 12(b)(6) motion is a liberal standard, and few complaints fail to meet it. The plaintiff's burden in resisting a motion to dismiss is a relatively light one. *Williams v. Wheeling Steel Corp.*, 266 F.Supp. 651 (N.D.W.Va.1967)

---

[3] To the extent any Defendants have incorporated by reference or rely on arguments previously stated in their motions to dismiss filed in *Brooke County Commission, et al. v. Purdue Pharma L.P., et al.,* Civil Action Nos. 17-C-248 MSH through 17-C-255 MSH ("*Brooke County*"), and *Monongalia County Commission, et al. v. Purdue Pharma L.P., et al.,* Civil Action Nos. 18-C-222 MSH and 18-C-233 MSH through 18-C-236 MSH ("*Monongalia County*"), the Court incorporates by reference the Orders denying motions to dismiss, entered on December 28, 2018, in *Brooke Co.*, petitions for writ of prohibition refused, June 6, 2019, Orders, State ex. rel. Cardinal Health v. Honorable David W. Hummel, Jr., et al., No. 19-0204, State ex. rel. Purdue Pharma, et al. v. Honorable David W. Hummel, Jr., et al., No. 19-0205, State ex rel. AmerisourceBergen Drug Corporation, et al. v. Honorable David W. Hummel, Jr., et al., No. 19-0210; and the Orders denying motions to dismiss entered on October 31, 2019, in *Monongalia County*, petition for writ of prohibition refused, February 3, 2020, Order, State ex rel. AmerisourceBergen Drug Corporation, et al. v. Honorable Alan D. Moats, et al., No. 19-1051.

A trial court considering a motion to dismiss under Rule 12(b)(6) must "liberally construe the complaint so as to do substantial justice." *Cantley v. Lincoln Co. Comm'n.,* 221 W. Va. 468, 470, 655 S.E.2d 490, 492 (2007) and West Virginia Rule of Civil Procedure, Rule 8(f). "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at Syl. pt. 2, *quoting* Syl. pt. 3, *Chapman v. Kane Transfer Company*, W.Va., 236 S.E.2d 207 (1977).

Having reviewed the above-listed Motions to Dismiss and all of the briefing, and having conferred with one another to ensure uniformity of their decision, as contemplated by *Rule 26.07(a)* of the *West Virginia Trial Court Rules,* the Presiding Judges unanimously **FIND** that, construing the Amended Complaint in the light most favorable to Plaintiffs, and taking its allegations as true, the Amended Complaint sufficiently states claims upon which relief can be granted, and the Defendants have not demonstrated that Plaintiffs can prove no set of facts in support of their claims which would entitle them to relief.  Accordingly, the above-listed Motions to Dismiss are **DENIED**.  All exceptions and objections are noted and preserved for the record.

A copy of this Order has been electronically served on all counsel of record this day via File & Serve*Xpress*.

It is so **ORDERED.**

**ENTERED:**  February 19, 2020.                     /s/ Alan D. Moats
                                                                               Lead Presiding Judge
                                                                               Opioid Litigation