# EXHIBIT B



EFiled: Feb 19 2020 09:49AM EST
Transaction ID 64739095

# IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

IN RE: OPIOID LITIGATION             CIVIL ACTION NO. 19-C-9000

**THIS DOCUMENT APPLIES TO:**

**West Virginia University Hospitals, Inc., et al.**

**v.**        Civil Action Nos. 19-C-215 MSH
       through 19-C-239 MSH

**McKesson Corporation and Tim Ashworth**

## ORDER

Pending before the Court is *McKesson Corporation's Motion to Dismiss the Hospitals' Complaint* (Transaction ID 64613263), which has been fully briefed by the parties.[1] Also pending is Defendant Timothy Ashworth's joinder to the motion (Transaction ID 64719693).

As explained by the Court in *John W. Lodge Distributing Co., Inc. v. Texaco, Inc.,* 161 W. Va. 603, 604-606, 245 S.E.2d 157, 158-159 (1978):

> The purpose of a motion under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure is to test the formal sufficiency of the complaint. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff, and its allegations are to be taken as true. Since common law demurrers have been abolished, pleadings are now liberally construed so as to do substantial justice. W.Va. R.C.P. 8(f). The policy of the rule is thus to decide cases upon their merits, and if the complaint states a claim upon which relief can be granted under any legal theory, a motion under Rule 12(b)(6) must be denied.

---

[1] Plaintiff, Applachian Regional Healthcare, Inc., has voluntarily dismissed, without prejudice, its claims against Defendants for violation of Kentucky's Consumer Protection Act, K.R.S. 367.110, *et seq. Notice of Partial Voluntary Dismissal* (Transaction ID 64667967).

To the extent Defendant McKesson Corporation has incorporated by reference arguments previously stated in the Distributor Defendants' Motions to Dismiss filed in *Brooke County Commission, et al. v. Purdue Pharma L.P., et al.,* Civil Action Nos. 17-C-248 MSH through 17-C-255 MSH ("*Brooke County*"), and *Monongalia County Commission, et al. v. Purdue Pharma L.P., et al.,* Civil Action Nos. 18-C-222 MSH and 18-C-233 MSH through 18-C-236 MSH ("*Monongalia County*"), the Court incorporates by reference the *Order Denying AmerisourceBergen Drug Corporation, Cardinal Health, Inc., and McKesson Corporation's Motion to Dismiss,* entered on December 28, 2018, in *Brooke County,* petition for writ of prohibition refused, June 6, 2019, Order, State ex rel. AmerisourceBergen Drug Corporation, et al. v. Honorable David W. Hummel, Jr., et al., No. 19-0210; and the *Order Denying the Distributor Defendants' Motion to Dismiss Plaintiffs' Complaint* (Transaction ID 64374611) entered on October 31, 2019, in *Monongalia County,* petition for writ of prohibition refused, February 3, 2020, Order, State ex rel. AmerisourceBergen Drug Corporation, et al. v. Honorable Alan D. Moats, et al., No. 19-1051.

1

\* \* \*

> In view of the liberal policy of the rules of pleading with regard to the construction of plaintiff's complaint, and in view of the policy of the rules favoring the determination of actions on the merits, the motion to dismiss for failure to state a claim should be viewed with disfavor and rarely granted. The standard which plaintiff must meet to overcome a Rule 12(b)(6) motion is a liberal standard, and few complaints fail to meet it. The plaintiff's burden in resisting a motion to dismiss is a relatively light one. *Williams v. Wheeling Steel Corp.*, 266 F.Supp. 651 (N.D.W.Va.1967)

A trial court considering a motion to dismiss under Rule 12(b)(6) must "liberally construe the complaint so as to do substantial justice." *Cantley v. Lincoln Co. Comm'n.,* 221 W. Va. 468, 470, 655 S.E.2d 490, 492 (2007) and West Virginia Rule of Civil Procedure, Rule 8(f). "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at Syl. pt. 2, *quoting* Syl. pt. 3, *Chapman v. Kane Transfer Company*, W.Va., 236 S.E.2d 207 (1977).

Having reviewed the motion and all of the briefing, and having conferred with one another to ensure uniformity of their decision, as contemplated by *Rule 26.07(a)* of the *West Virginia Trial Court Rules,* the Presiding Judges unanimously **FIND** that, construing the Amended Complaint in the light most favorable to Plaintiffs, and taking its allegations as true, the Amended Complaint sufficiently states claims upon which relief can be granted, and the Defendants have not demonstrated that Plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. Accordingly, *McKesson Corporation's Motion to Dismiss the Hospitals' Complaint* (Transaction ID 64613263) and Defendant Timothy Ashworth's joinder to the motion (Transaction ID 64719693) are **DENIED**. All exceptions and objections are noted and preserved for the record.

3

A copy of this Order has been electronically served on all counsel of record this day via File & Serve*Xpress*.

It is so **ORDERED.**

**ENTERED:**  February 19, 2020.                              /s/ Alan D. Moats
                                                                                           Lead Presiding Judge
                                                                                           Opioid Litigation